FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 15 PM 3: 18

CLERK _B. West_
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TAMATHA SNETHEN,

    Plaintiff,

v.        406CV259

THE BOARD OF PUBLIC EDUCATION FOR THE
CITY OF SAVANNAH AND THE COUNTY OF
CHATHAM, and JOHN F. O'SULLIVAN, JR.,
HUGH S. GOLSON, SUSAN J. COX, ELLIS
DANIEL FRASIER, DEWAYNE HAMILTON,
LORI L. BRADY, and DAVID A. WEGMANN, in
their individual capacities,

    Defendants.

## ORDER

## I. BACKGROUND

This case arises from an 11/15/03 attack on Tamatha Snethen by a fellow student at Jenkins High School in Savannah, Georgia. Tamatha originally brought this action through her mother, Brenda Snethen,[1] against The Board of Public Education for the City of Savannah and the County of Chatham ("Board"), alleging a violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681-88. She also pursues members of the Board in their individual capacities, alleging violations of Georgia law. Doc. # 47.

Boiled down, Tamatha complains that the defendants failed to protect her from sexual and other harassment. *Id.* ¶¶ 24-32; *see also Dale v. White County, Georgia School Dist.*, 2007 WL 1828943 at * 1 (11th Cir. 6/27/07) (unpublished) (failure to protect case based on allegation that school teacher molested plaintiffs' daughters while the girls were students in his class); *Baumgardt v. Wausau School Dist. Bd. of Educ.*,

475 F.Supp.2d 800 (W.D.Wis. 2007). The defendants, she says, also maintained a hostile learning environment. Doc. # 47 ¶¶ 33-47; # 49.

The parties have been filing a series of form motions, and the Court has been entering a series of form orders prepared by them -- sealing various records in this case. *See* doc. ## 63, 66, 69, 76, 82, 85, 87. Some sealing motions remain pending. Doc. ## 63, 66, 69.

## II. ANALYSIS

### A. Sealing Court Records

To date, no one in this case has complied with this Court's local rule on sealing court records.[2] Specifically, parties must provide grounds for why they want something kept from the public, as there is a presumption *against* secrecy. *Id.*; *see also U.S. v. Bradley*, 2007 WL 1464058 at * 10 (S.D.Ga. 5/17/07) (unpublished), *unsealing objections overruled*, *U.S. v. Bradley*, 2007 WL 1703232 (S.D.Ga. 6/11/07) (unpublished); *see also U.S. v. Bradley*, 405CR059 doc. # 992 (S.D.Ga. 7/30/07) (unpublished).

---

[1] By Consent Order, only Tamatha remains as the plaintiff in this case, so the caption has been amended accordingly. *See* doc. # 60.

[2] Under S.D.GA.LOC.R 79.7,

> (a) Papers submitted for filing with the Clerk may be placed under seal only where required by operation of law, these rules, or order of a judicial officer.

> (b) Any person desiring to have any matter placed under seal shall present a motion *stating grounds* why a document filed with the Clerk should not be available for public inspection.

S.D.GA.LOC.R 79.7 (emphasis added).

Accordingly, the Court denies the pending motions to seal (doc. ## 63, 66, 69) without prejudice to the right to renew same, in compliance with S.D.GA.LOC.R 79.7. And all parties with standing shall, within 15 days of the date this Order is served, show this Court why it should not unseal previously sealed filings.

Note that Snethen has *twice* filed -- unsealed -- a Complaint containing allegations like this:

> Tragically, soon after Avon Sams walked out of the classroom where the class he was attending was then ongoing, he violently assaulted, sexually molested and attempted to rape Tamatha Snethen.

Doc. # 47 ¶ 28; *see also* doc. # 1 ¶ 30. And this:

> While Plaintiff Brenda Snethen stood at one classroom door waiting for her daughter, Tamatha Snethen, to obtain the teacher's signature, she heard some kids in the classroom say:
>
> > "There's that girl claiming rape. She needs to be f___ed hard. Our homeboys are gonna beat her _ss."

Doc. # 47 ¶ 43; *see also* doc. # 1 ¶ 44. Plaintiff obviously sought no "Jane Doe" anonymity when she filed this case. It is therefore pointless to seal post-Complaint materials aimed at protecting her privacy now. Third-party privacy interest may be at issue here, but again, there is a presumption *against* court-record secrecy in this, a court of *record*. The parties must therefore overcome that presumption before their filings can be sealed.

**B. Snethen's State Law Claims**

This Court's 2/7/07 Order reached the defendants' motion to dismiss Snethen's state law (negligence) claim. She alleges that the individual defendants were negligent in their failure to prepare a school safety plan as required by Georgia law. O.C.G.A. § 20-2-1185 ("Every public school shall prepare a school safety plan...."). The defendants argued that there can be no negligence because they had no individual duty to enact a school safety plan.

This Court noted that in *Leake v. Murphy*, 274 Ga. App. 219 (2005), like here, a student was attacked and injured at school, and her parents brought an action against the individual members of the relevant board of education and the Superintendent of the area schools. *Id.* at 219. But the *Leake* plaintiffs, unlike here, also sued the school principal and staff on duty at the time of the attack. *Id.* at 220. The trial court dismissed the case against all defendants on official immunity grounds. *Id.*

Reversing, the Georgia Court of Appeals ruled that the legislature conferred an absolute, ministerial duty to prepare a school safety on the Superintendent and on the individual board members. *Id.* at 222. The board members and Superintendent therefore were not entitled to immunity because "official immunity does not apply to the performance of ministerial duties." *Id.* at 221. Thus, while the case could not proceed against the principal and staff, it could proceed against the individual board members and Superintendent. *Id.* at 224.

*Leake*, however, has since been overruled by *Murphy v. Bajjani*, ___ Ga. ___, 2007 WL 1804380 (6/25/07). There a high-school student's parents brought an action against a county school district, board of education, board members, superintendent, and school officials, seeking award of damages for injuries suffered

by their son, who had been assaulted by fellow student.  2007 WL 1804380 at * 1.

Overruling *Leake*, the *Murphy* court ruled that the very same action mandated by O.C.G.A. § 20-2-1185 -- requiring the school board and superintendent to prepare a school safety plan -- in fact is a *discretionary,* not ministerial duty, for purposes of official immunity.  2007 WL 1804380 at ** 2-3. Leave therefore is granted to the defendants to again challenge Snethen's § 20-2-1185-based claim, via summary disposition. Should there be no opposition, the Court would welcome a Consent Dismissal Order.

## III.  **CONCLUSION**

Accordingly, the Court **DENIES** the pending motions to seal (doc. ## 63, 66, 69) without prejudice to the right to renew same, in compliance with S.D.GA.LOC.R 79.7. And all parties with standing shall, within 15 days of the date this Order is served, show this Court why it should not unseal previously sealed filings. Finally, the Court *sua sponte* grants leave to the defendants to again challenge plaintiff Tamatha Snethen's § 20-2-1185-based claim, via summary disposition motion.

This /2 day of *August*, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA